# In the Orphans' Court of Philadelphia.

## SHIVER'S ESTATE.

The words "leaving no issue," coupled with the words "in case of the decease of either of them," would primarily be construed to mean not death at an indefinite time, but this rule may be made to bend before the intent of the testator.

**Exceptions to auditor's report.**

Opinion delivered May 4, 1874, by

LUDLOW, J.   In addition to what has been said by the auditor in this case, we add the following:   Under a well settled rule of construction, it seems to us to be clear that the real estate possessed by the testator passed to his daughter Amelia in fee tail, and as she died without issue, her brother James took a vested estate, which by his will passed to his widow.

We consider the fund in court arising from the sale of the real estate, as real estate, for although the land was sold, it never was in point of law converted into personalty.

The disposition of the personal property of testator under this will presents another question for our consideration.   Unquestionably, the words "leaving no issue," coupled with the words "in case of the decease of either of them," would primarily be construed to mean not death at an indefinite time, but at a fixed and definite period, as at the death of the testator or of the life tenant.

But even this rule, when most rigidly applied, is made to bend before an intent, and an examination of the text books and authorities upon this subject, will, we think, prove that the intent may be established by the existence of additional limitations which depend upon other contingencies than those implied by the words "in case of the decease of either of them," or "in case of death" and the like.   Smith on Ex. 838–9–347; and Powell on Devises, Chap. 27.

Herein lies the difference between this case and Umstead & Reiff's Appeal, 10 P. F. S., p. 365, which at first reading does appear to rule this cause.

In Umstead & Reiff's Appeal the general rule was applied, because no words appeared in the will from which it could be inferred that a death without issue during the life of the tenant for life was not intended. Where the contrary appears to be the intent, the rule gives way.

In this instance, the testator intended his son James, in a certain contingency, to be the ultimate object of his bounty, if his daughter died without issue, or if she had issue and they died in their minority.

In the case above cited, and the authorities cited in it, the alternative limitations over, were to a class, and not to a specific individual.   In

addition to this, while no trust arose during the life of the widow, at her death a trust was created, the object of which seems to have been to secure the capital to answer the limitation over, in the event of the death of the daughter, or of her death without issue of lawful age, and this last provision seems especially to contemplate a falling in of the share to James, for he shall take if said issue die in their minority. On the whole case, we are of the opinion that the auditor was right in the conclusions arrived at by him, and we therefore confirm his report.

Exceptions dismissed and report confirmed.